# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 2:19-cr-156 |
| Plaintiff, | : | JUDGE MICHAEL H. WATSON |
| v. | : | |
| | : | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| JOSEPH MICHAEL BRAGG, | : | |
| Defendant. | : | |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant Joseph Michael Bragg ("Defendant" or "Bragg"). For the reasons set forth herein, and consistent with the Rule 11(c)(1)(C) Plea Agreement, the United States recommends a term of imprisonment of time served, given that the Defendant has served at least 12 months of imprisonment to date, followed by three years of supervised release, to include mental health treatment as directed by the U.S. Probation Office, a variance from the properly calculated guideline sentence.

## I.     Factual Background

From at least on or about June 2, 2018, and continuing until at least on or about July 16, 2018, in the Southern District of Ohio, Defendant Joseph Michael Bragg knowingly and willfully transmitted in interstate commerce from Columbus, Ohio, to the State of Oklahoma, at least a dozen electronic communications, which contained threats to violently injure numerous individuals in Oklahoma. Many of the electronic messages were submitted under the Town of Oologah's public website under the "contact us" function. These communications routinely referenced police and those with badges as the targets of violence. Bragg also threatened the

family members of officers and law enforcement. For example, as charged in Count 1 of the Information, on July 15, 2018, Defendant knowingly and willfully transmitted in interstate commerce from Columbus, Ohio, to the State of Oklahoma, an electronic communication, which contained a threat to Rogers County, Oklahoma Sheriff Scott Walton, wherein Bragg specifically stated:

> "I am coming to cut off the heads of anyone with a badge and your families…anyone who has ever worked in support of law enforcement or any other freemasonic fairy tale scheme in any way, even if you aren't a pussy faggot mason or eunuch. I will cut off your and your families' heads. Why such a choice of method you may ask? Well… that question may be best answered by a eunuch themselves….ask them why they are so afraid if being beheaded. Good news is, nothing will stop what mother earth is about to do. Nor can anything stop what I am about to do. ScoTTy Girl Walton…. You I am coming for personally. You better be very careful even now you pussy bitch bc I AM COMING to CUT OFF YOUR HEAD. I am going to rid earth of many if you and the earth is telling me the time is imminent. I've been patient for some time. Now I get to reward the "hero" 33's for your service to freemason trannies. It is an honor to send you without a head on behalf of the innocent and exploited. I will cut off your and your families' heads with great zeal. Pussy okie trash never thinks ahead… There's stupid then there's Oklahoma stupid."

On July 19, 2018, the Oklahoma Federal Bureau of Investigation (FBI) Joint Terrorism Task Force (JTTF) requested assistance from the Columbus, OH, FBI JTTF to attempt to locate and make contact with Bragg. FBI Special Agent (SA) Kenny Smith was assigned the lead and proceeded to the address. On July 20, 2018, upon arriving at Bragg's residence, SA Smith made contact with an unidentified male who answered the front door of the residence. As SA Smith was identifying himself as an FBI AGENT to the unknown male, a second male, later identified as Bragg, appeared from behind the unknown male and yelled "fuck you and the FBI" followed by "you have no authority here" and several more profanities after which Bragg disappeared back into the residence.

SA Smith then attempted to contact the landlord of the residences on the telephone. While SA Smith was conversing with the landlord, Bragg reappeared at the front door of the residence with both of his hands inside his front pockets, according SA Smith, and stated generally "I fire bullets from inherent law and I don't miss…I'll cut your fucking head off too…you mason motherfucker." SA Smith drew his FBI issued firearm at this point and held it at the ready as he could not determine if Bragg had a weapon concealed on his person. SA Smith then withdrew from Bragg and the residence.

Despite a visit from the FBI, Bragg continued threatening law enforcement – this time, the threats were posted to the City of Sand Springs Police Department's Facebook page and specifically called out a retired police officer and his family as his targets. His conduct ceased upon arrest and incarceration in August of 2018.

## II.     Procedural History

On August 17, 2018, a criminal complaint was filed against Defendant charging him with Influencing a Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B). Bragg was subsequently arrested and remanded to custody on August 20, 2018. On July 15, 2019, the United States Attorney for the Southern District of Ohio filed a two-count Information charging Bragg with the Transmitting a Threat in Interstate Commerce, in violation of 18 U.S.C. § 875(c) and Influencing a Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B). On July 22, 2019, Bragg pleaded guilty to Counts 1 and 2 of the Information pursuant to a Rule 11(c)(1)(C) Plea Agreement and attached Statement of Facts.

**III.     Sentencing Guidelines Calculation**

    a. <u>Statutory Maximum Sentence</u>

The maximum sentence for Transmitting a Threat in Interstate Commerce is 5 years' imprisonment, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment.  The maximum sentence for Influencing a Federal Official by Threat is 10 years' imprisonment, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment.

    b. <u>Sentencing Guidelines Calculation</u>

In imposing a sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a).  *United States v. Booker*, 543 U.S. 220, 261 (2005).  First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  As the Presentence Investigation Report ("PSR") correctly calculates: the base offense level for Count 1 (Transmitting a Threat) is **12** pursuant to U.S.S.G. §§ 2A6.1(1)(1); there is a **2**-level increase for more than two threatening communications pursuant to U.S.S.G. § 2A6.1(b)(2)(A); there is a **6**-level increase because the victim was a government officer and the offense was motivated by such status pursuant to U.S.S.G. § 3A1.2(a) and (b); and there is a **2**-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1 for a total adjusted offense level of **22**; the base offense level for Count 2 (Influencing a Federal Official) is **12** pursuant to U.S.S.G. § 2A6.1(a)(1); there is a **6**-level increase because the victim was a government officer and the offense was motivated by such status pursuant to U.S.S.G. § 3A1.2(a) and (b) for a total adjusted offense level of **18**; as a result of grouping, **2** additional levels are added to the highest offense level (**22**) for a combined adjusted offense level of **24**; there is a **3**-level decrease for acceptance of responsibility under U.S.S.G.

§ 3E1.1(a) and (b). These calculations result in a total adjusted offense level of **21**. Defendant is a Criminal History Category II, which at an offense level **21**, corresponds to a guideline range of 41-51 months.

    c. <u>Defendant's Objections</u>

There remain two objections by Defendant to the PSR, both of which contest the application of certain guideline enhancements to the offense in Count 1 (Transmitting a Threat). Specifically, Bragg objects to the **6** level enhancement because the victim was a government officer and the offense was motivated by such status pursuant to U.S.S.G. § 3A1.2(a) and (b) and the **2** level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

With respect to the first objection, the Government supports the applicability of this sentencing enhancement. Although Defendant attempts to argue that the threat was focused on an organization or group, one of the elements of this offense, to which Defendant Bragg pleaded guilty, is the communication of a threat to injure a *person* – not an organization, agency or the government. In this case, the threat made by Bragg, in addition to noting that he was "coming to cut off the heads of anyone with a badge" was to Rogers County, Oklahoma Sheriff Scott Walton specifically. The threat reads, "ScoTTy Girl Walton…. You I am coming for personally. You better be very careful even now you pussy bitch bc I AM COMING to CUT OFF YOUR HEAD." Thus, Sheriff Walton, a government officer or employee, is the victim in this instance; there is also an argument that the Sheriff's family, who was also threatened to have their heads cut off, are victims and would qualify under this enhancement as well.

Moreover, the offense was motivated by the status of the victim as a member of law enforcement – he is addressed by his title, Sheriff, and Bragg, as noted above, actually threatens to cut the heads off anyone with a badge as well as their families and anyone who has ever worked

5

in support of law enforcement.  In addition, many of Bragg's other communications also included threats towards police, officers, and references to badges and uniforms.  Certainly, Bragg's threats and communications evidence a concern that the law enforcement officers are also Freemasons, but he specifically chose to target law enforcement with that connection – not just Freemasons in general.  His goal may very well have been to rid the world of Freemasons, but he was exclusively focused on those involved in law enforcement and thus, the Sheriff's status as a government officer or employee was a motivating factor.

The PSR also properly used the conduct in Count 2 to increase the offense level for Count 1 as outlined in U.S.S.G. § 3C1.1, Notes 4 and 5 – and as set forth in the PSR, paragraphs 38 and 39.  The Sixth Circuit has held that the obstruction adjustment applies where a defendant engages in obstructive conduct with knowledge that he or she is the subject of an investigation or with the "correct belief" that an investigation of the defendant is "probably underway."  *United States v. Brown*, 237 F.3d 625, 628 (6th Cir. 2001).

Bragg began threatening law enforcement and others in Oklahoma on June 2, 2018 and continued through July 16, 2018.  On July 20, 2018, just four days later, FBI Special Agent Kenneth Smith, in furtherance of the ongoing investigation of Bragg's conduct, came to Bragg's residence, during which time Bragg threatened SA Smith's life – knowing he was an FBI agent. The evidence suggests that Bragg held a correct belief that an investigation of his conduct was probably underway given the close proximity in time to which Agent Smith visited the residence and the threats to law enforcement by Bragg. There is no evidence to suggest that anyone else in the residence was engaged in criminal activity or under investigation of any kind at the time other than Bragg.  Bragg was also the only one to threaten Agent Smith.

### IV. The Proper Sentence

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

***The Nature and Circumstances of the Offense.*** The nature and circumstances of this case, as set forth above, are serious. Bragg repeatedly sent communications threatening – rather graphically – to harm individuals. In particular, Bragg targeted law enforcement and their families with his threats. Not limited to the online world, Bragg was no less graphic or threatening in person when SA Smith attempted contact at his residence regarding his conduct – threatening to fire bullets and cut SA Smith's head off, too. What's more, even after that encounter, Bragg sent another round of threats to a law enforcement officer!

***The History and Characteristics of the Defendant.*** The Court must also consider Bragg's history and characteristics. Despite withdrawing early from high school, Bragg obtained his GED and attended some college. He then went on to serve in the military. Nevertheless, this is not Bragg's first run-in with the law or threatening others. Perhaps of greatest impact on the

sentencing recommendation of the parties were the results of Bragg's recent mental health evaluation – the details of which are known to the Court as contained in the PSR.  Recognizing that mental health issues may have played a role in his conduct, the Government agreed to recommend a variance from the sentencing guideline range that would otherwise be appropriate.

*To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense.* The recommended sentence, which includes jail time, mental health treatment and the maximum period of supervised release, also satisfies the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

*The Need to Afford Adequate Deterrence to Criminal Conduct.*  The Court must also consider the need for the sentence imposed to afford adequate deterrence to criminal conduct – both general and specific deterrence.  Here, the Government respectfully submits that the recommended sentence, although a variance, will assist in deterring Bragg from engaging in similar conduct in the future.  This is especially true if he takes full advantage of the services afforded to him while on supervised release with respect to treatment.  With respect to general deterrence, the message must be sent that threatening harm to persons - even if no harm is done – will not be tolerated and can result in time in prison.  The sentence imposed must also serve to reign in the boldness of keyboard warriors who think that hiding behind a computer screen gives them permission to send threatening and criminal communications.

**V.     Conclusion**

For the reasons set forth above, the United States respectfully recommends that Defendant Joseph Michael Bragg be sentenced to a term of imprisonment of time served, given that the Defendant has served at least 12 months of imprisonment to date, followed by three years of supervised release, to include mental health treatment as directed by the U.S. Probation Office—an appropriate variance from the properly calculated guideline sentence. The Government submits that this sentence is sufficient but not greater than necessary to satisfy the statutory purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

*s/Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Government's Sentencing Memorandum* was electronically served via the Court's CM/ECF system this 23rd day of December, 2019 upon Deborah Williams, Esq., Counsel for Joseph Michael Bragg.

*s/Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney

9