**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:19-CR-156 |
| vs. | : | JUDGE MICHAEL WATSON |
| JOSEPH MICHAEL BRAGG, | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

JOSEPH BRAGG, by and through undersigned counsel, hereby submits his sentencing memorandum in support of the stipulated sentence of time served. Mr. Bragg has been in custody since approximately August 17, 2018.

Respectfully submitted this 2d day of January, 2020.

              DEBORAH L. WILLIAMS
              FEDERAL PUBLIC DEFENDER

               /s/Deborah L. Williams
              Deborah L. Williams (AZ 010537)
              Federal Public Defender
              Federal Public Defender's Office
              10 West Broad Street, Suite 1020
              Columbus, Ohio  43215-3469
              (614) 469-2999
              deborah_Williams@fd.org

              Counsel for Joseph Bragg

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Unresolved Objections**

**(A) Victim Related Adjustment for Official Status (USSG §3A1.2(a)).**

Pursuant to Application Note 1, "This guideline does not apply when the only victim is an organization, agency, or the government."

This enhancement should not apply because Mr. Bragg's emails were not motivated by Sheriff Walton's status as a police officer, but rather by Mr. Bragg's belief that the Sheriff's Office was part of a vast Freemason conspiracy. This position is evidenced by the contents of the emails themselves. For example, a June 2018 email said "Doing the bidding of tranny freemasons is not a good idea." A July 11, 2018, email referenced Walton but then went on to say "Any mason who sticks theirs crosses my path will be headless. . .you're at the top of my list." For whatever reason, it seems that Mr. Bragg believed Walton was a Freemason. Similarly, an August 4, 2018, communication to the Tulsa Chamber of Commerce said "Mother Earth is cutting off the hidden hand of masonry. I'm coming to cut off the heads of masons. I don't care if you aren't a mason…if you are sympathetic to them, protect them, hide them, or support them in any way…" Again, the clear focus is on Masons. Another August 4, 2018 message, to the Rogers County Sheriff Dept., said "The big freemasonic fraud machine has run out of gas and tricks." In his Facebook communications, Mr. Bragg utilized the user names "Mason Slapper" and "Mason Ender," and in his emails to the Chambers of Commerce he used the name "Freemason Destroyer."

Over and over again, the focus is on Freemasons and this focus draws support from the internet. For example, some claim that Freemasonry has "infiltrated" law enforcement thus giving the organization "power over the police." *See*

https://www.truthislight.com>2014/05>police-and-freemasonry-irrefutable, and www.usavsus.info>MasonsInLawEnforcement. Several articles go so far as to display law enforcement patches from around the country, each purportedly incorporating symbolism of Freemasonry.

### (B) Obstruction (USSG §3C1.1).

The presentence report improperly uses the conduct charged in Count 2 to enhance Count 1. This use of §3C1.1 results in double counting. Typically, "obstructive conduct" is uncharged conduct relating to the offense of conviction (Count 1 in this case). Here, Mr. Bragg was separately charged for his conduct relating to SA Smith. The application of this enhancement in Count 1, on top of a separate conviction for that conduct, twice counts the conduct charged in Count 2 and significantly increases the guideline range.

This enhancement is intended for situations where the defendant knows he is under investigation at the time of the "obstructive conduct." *United States v. Baggett*, 342 F.3d 536, 541-542 (6th Cir. 2003), citing *United States v. Brown*, 237 F.3d 625, 628 (6th Cir. 2001). *Also, United States v. Boyd*, 312 F.3d 213, 217 (6th Cir. 2002). USSG §3C1.1 requires a direct nexus between the alleged acts of obstruction and the crime of conviction. *Baggett*, at 542. According to SA Smith's report, he went to the house at 766 N. Cassady and spoke to one of the residents (UM1 in the report). He informed UM1 that he was an FBI agent. At that moment Mr. Bragg appeared and immediately started yelling at Smith. He did not wait to hear the reason for Smith's visit. Smith started backing away from the door. Mr. Bragg walked away but then returned to the door, still yelling. At that time Smith left the property. There is no evidence that Mr. Bragg knew he was under investigation, or that his conduct was the product of anything but mental illness.

**II.     Sentencing Law**

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court formally announced the following two-step analysis that a district court should apply to determine a sentence that is sufficient, but not greater than necessary, to vindicate Congress' mandate that was codified for sentencing.  First, "a district court should begin all sentencing proceedings by correctly calculating the applicable guideline range." 553 U.S. at 49.  The Guidelines are "the starting point and the initial benchmark." *Id.*  Second, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requesting by a party. *Id.* at 50. The Court "may not presume that the Guideline range is reasonable." *Id.*   Rather, the Court must make an "individualized assessment based on the facts presented." *Id.*  The sentencing court is "free to make its own reasonable application of the 18 U.S.C. § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough v. United States,* 552 U.S. 85, 113 (2007) (Scalia, J., concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the Guidelines range." *Gall* at 47.

In this case the parties have stipulated to a sentencing range of time served, provided that Mr. Bragg has served at least 12 months in custody.  Mr. Bragg has been in custody over 12 months.  The defense requests a sentence of time served.

**III.  Guideline Calculations**

The probation officer has made, and the defense disagrees with, the following calculations in this case:

Count One:

| | |
|---|---|
| Base offense level §2A6.1 | 12 |
| More than two threats §2A6.1(b)(2)(A) | +2 |
| Victim Related Adjustment §3A1.2(b) | +6 |
| Obstruction of Justice §3C1.1 | +2 |
| Adjusted Offense Level | 22 |

Count Two:

| | |
|---|---|
| Base offense level §2A6.1 | 12 |
| Victim Related Adjustment §3A1.2(a) | +6 |
| Adjusted Offense Level | 18 |

| | |
|---|---|
| Multiple Count Adjustment | +2 |
| Acceptance of responsibility | -3 |
| Total offense level | 21 |

| | |
|---|---|
| Criminal History Category | II |
| Advisory Guideline Range | 41-51 months prison |
| Recommendation | 24 months prison |

5

**IV.     §3553(a) Factors**

**(a)(1)   History and Characteristics of the Defendant and Nature and Circumstances of the Offense**

Mr. Bragg grew up in Florida, in a family consisting of two parents and two siblings. He was exposed to domestic violence (also confirmed by his mother) at a relatively young age, and it would appear that this exposure has traveled with him into his own adult years. As discussed in the presentence report, various sources suggest that problems in Mr. Bragg's relationships have precipitated erratic and at times suicidal behavior. He was hospitalized for depression and suicidal behavior at least once, after he learned that his girlfriend had gotten an abortion.

At some point in time Mr. Bragg became concerned that the Freemasons were controlling much of the infrastructure of this country. The offense conduct in the instant case revolves around that concern.

**(a)(2)    Seriousness of Offense, Just Punishment, Adequate Deterrence, Protection of the Public, Treatment**

The court shall impose a sentence "sufficient but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2)(A)-(D)." The sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment; afford adequate deterrence; and protect the public from further crimes of the defendant.

Data shows that long prison sentences do little to deter people from committing future crimes. Dep't. of Justice, Office of Justice Programs, Nat'l Institute of Justice, <u>Five Things About Deterrence</u> (available at http://nij.gov/five-things/pages/deterrence.aspx). Viewing the findings of research on severity effects in their totality, there is evidence suggesting that short sentences may be a deterrent. However, a consistent finding is that increases in already lengthy

6

sentences produce at best a very modest deterrent effect. *Id.* In fact, lengthy prison sentences may exacerbate recidivism. *Id.*

To be an effective deterrent, the sentence must not only educate defendants as to the seriousness of the offense, but should make others in the community "aware that similar actions will be punished." *United States v. Coleman*, 370 F. Supp. 2d 661, 681 (S.D. Ohio 2005), rev'd on other grounds; *United States v. White*, 551 F.3d 381 (6th Cir. Ky. 2008).

Although the advisory guidelines as enhanced by the probation officer suggest a prison sentence, the text of the threats made in this case underscores the mental health issues involved in this case. Further incarceration will not address those issues; rather, the resources available through the probation department can be tailored to Mr. Bragg's specific issues and needs. Mr. Bragg has been in custody for 17 months, which more than satisfies the "at least 12 months" component of the Rule 11(c)(1)(C) plea agreement.

DATED this 2d day of January, 2020.

        DEBORAH L. WILLIAMS
        FEDERAL PUBLIC DEFENDER


        */s/ Deborah L. Williams*
        Deborah L. Williams (AZ 010537)
        Federal Public Defender
        10 West Broad Street, Suite 1020
        Columbus, Ohio 43215-3469
        (614) 469-2999
        deborah_williams@fd.org

        Attorney for Joseph Bragg

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Defendant's Sentencing Memorandum was electronically served upon Assistant United States Attorney Jessica Knight, Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio, on the date of the filing.

/s/ *Deborah L. Williams*
Federal Public Defender
Counsel for Joseph Bragg
